UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CAROLYN CARLTON LOWE, ET AL                CIVIL ACTION

VERSUS                                      NO. 06-7758

ALLSTATE INSURANCE COMPANY                  SECTION "C" (4)

ORDER AND REASONS

This matter comes before the Court on the issue whether the jurisdictional amount existed at the time of removal.  Having considered the record, the memoranda of counsel and the law, the Court has determined that remand is appropriate for the following reasons.

The parties may neither consent to nor waive federal subject matter jurisdiction. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).  Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction.  Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject

matter jurisdiction in cases such as this.  Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists.  Id.  This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  Id.  It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

     The Court finds that the defendant has not met its burden.  Although this matter presents a close issue, it is not facially apparent from the petition that the amount in controversy exists.  In addition, when the allegations presented by the defendant as to policy limits and amount paid are considered, it do not sufficiently overcome the plaintiff's post-removal stipulation that the jurisdictional minimum is lacking.

     In addition, the Court is mindful that removal jurisdiction is strictly construed. See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792

F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

    IT IS ORDERED that this matter be and hereby is REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1147(c).

    New Orleans, Louisiana, this 16th day of January, 2007.

                                                        HELEN G. BERRIGAN
                                                        UNITED STATES DISTRICT JUDGE